UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,         Case No. 2:10-cv-198

v.         Honorable R. Allan Edgar

UNKNOWN VERVILLE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff currently is incarcerated in the Ionia Maximum Correctional Facility, but the events giving ruse to his complaint occurred at the Marquette Branch Prison (MBP). Plaintiff named the following Defendants in his original complaint (docket #1): Corrections Officers Unknown Verville, Unknown Jennings, Unknown Feliner, K. Peterson, Unknown Teneycil, and Unknown Karki; Sergeants B. Debski and R. Brown; Hearings Investigator Rick H. Mohr; Hearings Officer Thomas O. Mohrman; Resident Unit Officer G. Bott; Captain D. Ogle; Administrative Assistant Sarah Schroeder; Lieutenant Unknown Deveaux; Assistant Resident Unit Supervisor Chad Lancourt; and unknown parties named as Jane and John Does. The Court ordered Plaintiff to file an amended complaint on the form as required by W.D. MICH. L.Civ.R 5.6(a). In his amended complaint (docket #17), Plaintiff wrote in the caption "Same Defendants as Original Complaint," but listed only the following Defendants in the "parties" section of the complaint: Corrections Officer C. Kangas; Hearings Officer Thomas Mohrman; Hearings Investigator Rick Mohr; Hearings Administrators Matthew Young and Richard Stapleton; and Resident Unit Officers Unknown Vien and P. Lay.

Plaintiff's amended complaint concerns a major misconduct conviction. Defendant Kangas wrote a misconduct report against Plaintiff on August 20, 2010 for insolence and disobeying a direct order. (Major Misconduct Report, Page ID #109.) Kangas described the incident as follows:

> At the above time and place Prisoner Gresham was yelling. I went to DB3 [Plaintiff's cell] and from about 5 feet away said, "Keep the noise down." Prisoner Gresham said, "Get out of here f*** boy." Gresham did not comply with my order and is still yelling. Gresham[']s word[s] were not in jest . . . .

*Id.* Defendant Mohrman conducted an administrative hearing on the charges on August 27, 2010. In the Misconduct Hearing Report, Mohrman provided the following evidence in addition to the misconduct report:

> Per RUO's Vien and Lay, the prisoner had been asked if he was going to his hearing and he declined which I take as a refusal and hold this hearing without the prisoner present.
>
> This hearing officer then read the misconduct; entered a not guilty and noted the prisoner claimed the hearing officer was not fair. This is not true. The hearing is being conducted as required by Statute, rules and policy. Decisions are based upon the record. Prisoner is not being denied any due process.
>
> The prisoner requested medical information. None of that is necessary as it would not present him a defense to the charge. None of the officers requested were on duty at the time so their statements are irrelevant to the charge and not necessary. None of his requests or comments is [sic] relevant to the charge.

(Major Misconduct Hr'g Report, Page ID#107.) Defendant Mohrman found Plaintiff guilty of the charges for the following reasons:

> 1. Disobeying a direct order. The prisoner was yelling. It was past midnight. The prisoner was loud. It is likely that the officer would tell the prisoner to be quiet. The prisoner heard and understood and could have become quiet. Instead he insulted the officer and continued to yell.
>
> 2. Insolence. The prisoner called the officer a f*** boy. This was done to insult, harass and annoy the officer.

*Id.* Plaintiff was sentenced to thirty days loss of privileges. In addition, under Michigan law, a prisoner loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. Moreover, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.*

Plaintiff's amended complaint is somewhat difficult to follow, but he appears to allege that Kangas wrote this false misconduct against him in retaliation for filing grievances and

for bringing a lawsuit against two other prison guards for alleged sexual assault. *See Gresham v. Granholm*, No. 2:09-cv-231 (W.D. Mich.) Plaintiff claims that Defendants Mohr and Mohrman denied his request to produce records concerning the Internal Affairs investigation of the sexual assault and participated in the retaliation by failing to note his injuries from that sexual assault. Plaintiff claims that Defendants Vien and Lay refused to let Plaintiff attend the misconduct hearing and then falsely reported that he refused to attend the hearing. Plaintiff contends that he was denied a fair investigation and hearing in violation of his due process rights. While it is not entirely clear, Plaintiff appears to allege either that Defendants Young and Stapleton denied his request for a rehearing or that he was denied the opportunity to submit a request for rehearing by Defendants Vien and Lay.

Plaintiff claims that Hearings Administrators Young and Stapleton; MDOC Director Patricia Caruso, Administrative Assistant Sarah Schroeder, ARUS Chad Lancourt, RUM Ben Mercier, ARUS L. Marshall failed to supervise staff and protect Plaintiff from ongoing retaliation. In addition, Plaintiff claims that Jodi Washington, Richard Russel and Jim Armstrong failed to respond to his grievances.[1]

Plaintiff seeks declaratory and injunctive relief as well as monetary damages of one hundred and fifty million dollars.

## **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

---

[1] Caruso, Mercier, Marshall, Washington, Russel and Armstrong were not named as Defendants in the original or amended complaint.

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010 (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I.  Failure to make allegations

While Plaintiff named the following Defendants in his original complaint, he failed to make any factual allegations against them whatsoever in his amended complaint: Verville, Jennings, Debski, Feliner, Peterson, Brown, Teneycil, Karki, Bott, Ogle and Deveaux.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).  Because Plaintiff fails to mention these Defendants in the body of his amended complaint, his allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain

statement of the claim showing that the pleader is entitled to relief"). Accordingly, Defendants Verville, Jennings, Debski, Feliner, Peterson, Brown, Teneycil, Karki, Bott, Ogle and Deveaux will be dismissed for failure to state a claim.

II.     Misconduct Proceedings

Plaintiff claims that his due process rights were violated in the misconduct proceedings. The starting point for any discussion of the procedural due process rights of a prisoner subject to a disciplinary proceeding is *Wolff v. McDonnell,* 418 U.S. 539 (1974). In *Wolff,* the Supreme Court held that prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69. The right to call witnesses or present evidence, however, is not absolute. *Id.* at 566.

Plaintiff does not dispute that he received notice of the charges or that he received a copy of the major misconduct report. Thus, the first and third requirements are not at issue. With regard to the second requirement, Plaintiff alleges that Defendants Moh and Mohrman denied his request to produce records concerning the Internal Affairs investigation of the alleged sexual assault by two prison guards and failed to note his injuries from the sexual assault, which occurred in 2009. "Prisoners do not have an absolute, unfettered right to present evidence at misconduct hearings." *Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003), *aff'd*, 110 F. App'x 491 (6th Cir. 2004). The facts surrounding the alleged sexual assault or Plaintiff's injuries from the alleged sexual assault had no relevance whatsoever on the misconduct charges brought by Kangas for

disobeying a direct order to be quiet and for calling Kangas a "f*** boy" during the early morning hours of August 20, 2010. Thus, the failure to produce those documents did not deprive Plaintiff of due process.

With regard to the burden of proof, "[N]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F.3d 483, 486 (6th Cir. 1995) (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455 (1985)). The Supreme Court in *Hill* held that the requirements of due process are satisfied if "some evidence" supports the prison disciplinary board's decision to revoke good-time credits. *Hill*, 472 U.S. at 455. In determining whether a decision of a prison disciplinary board is supported by "some evidence", a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F.3d at 486 (citing *Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Williams,* 63 F.3d at 486 (citing *Hill,* 472 U.S. at 455-56) (emphasis added). Moreover, the Constitution does not require that the evidence logically preclude any conclusion but the one reached by the hearings officer in the disciplinary proceeding. *Hill,* 472 U.S. at 456; *see also Falkiewicz,* 271 F. Supp. 2d at 948. A hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond a reasonable doubt, or find that guilty was the only reasonable interpretation of the evidence. *Thomas v. Marberry,* No. 06-cv-13282, 2007 WL 1041250, at *2 (E.D. Mich. Apr. 4, 2007) (citing *Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998)).

Plaintiff contends that the misconduct was "false," but admits that he was yelling for help because he had a seizure in his cell. Even if Plaintiff was yelling for help, he does not deny that

he was yelling, that he ignored Defendant Kangas' order to stop yelling and that he called Kangas a "f*** boy." Based upon the record, there clearly was "some evidence" supporting the hearing officer's finding of guilt. Furthermore, Plaintiff received the due process protections afforded by *Wolff* regardless of the reason for his non-attendance at the hearing. A hearing was conducted and it is clear from the misconduct hearing report that Mohrman had received a statement from Plaintiff in advance of the hearing.

Plaintiff further alleges either that Defendants Young and Stapleton denied his request for a rehearing or that he was denied the opportunity to submit a request for rehearing by Defendants Vien and Lay. Several courts, including the Sixth Circuit, have characterized administrative appeals as remedial and held that they are not an element of the due process rights afforded inmates. *See, e.g., Boles v. Weist*, No. 87-1862, 1988 WL 58866 (6th Cir. June 10, 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction"); *Chance v. Compton*, 873 F. Supp. 82, 86 (W.D. Tenn. 1994) (right to appeal disciplinary convictions is not within the narrow set of due process rights enunciated by *Wolff*); *Lowe v. Sockey*, No. 00-7109, 2002 WL 491731 (10th Cir. Apr. 2, 2002) (state prisoner's allegations prison officials lost his appeal of prison discipline hearing failed to state a due process violation claim since Fourteenth Amendment does not provide due process right to such an appeal); *Ainsworth v. Terhune*, No. C 02-2940 MMC, 2002 WL 1837806 (N.D. Cal. Aug. 8, 2002) (there is no constitutional right to a prison administrative appeal or grievance system); *Platt v. Brockenborough*, 476 F.Supp.2d 467 (E.D. Pa. 2007) (holding that prisoners have no constitutional right to appeal the decision of a disciplinary hearing). There is, moreover, some support in *Wolff* itself for the position that no due process right attaches to an administrative appeals process. In *Wolff*, Supreme Court found that, while Nebraska did not appear

to provide for administrative review of disciplinary decisions, that absence was not a fatal flaw to the due process protection afforded inmates in that state. 418 U.S. at 565. Thus, this Court finds that Plaintiff had no due process right to an administrative appeal.

Plaintiff, therefore, fails to state a due process claims against Defendants Kangas, Mohrman, Mohr, Vien, Lay, Young and Stapleton arising from the misconduct proceedings.[2]

### III. Retaliation

Plaintiff alleges that Kangas wrote the misconduct against him in retaliation for filing grievances and for bringing a lawsuit in 2009 against two other prison guards for alleged sexual assault. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

---

[2]Defendant Hearing Officer Mohrman and Hearings Administrators Young and Stapleton also are immune from Plaintiff's claims for monetary damages. The Sixth Circuit, recognizing that a Michigan hearings officer has adjudicatory functions spelled out by statute in the nature of an administrative law judge, has held that hearings officers are entitled to absolute judicial immunity in relation to actions within the officer's authority. *Shelly v. Johnson*, 849 F.2d 228, 229 (6th Cir. 1988); Mich. Comp. Laws §§ 791.251-255. *See also Williams v. McGinnis*, Nos. 02-1336, 02-1837, 2003 WL 245352, at *2 (6th Cir. Jan. 31, 2003) (recognizing that Michigan's prison hearings officers are entitled to absolute immunity); *Thompson v. Mich. Dep't of Corr.*, No. 01-1943, 2002 WL 22011, at *1 (6th Cir. Jan. 2, 2002) (same); *Gribble v. Bass*, No. 93-5413, 1993 WL 524022, at *2 (6th Cir. Dec. 16, 1993) (same).

Assuming Plaintiff's allegations are sufficient to satisfy the first two elements of a retaliation claim, his wholly conclusory allegations of retaliatory intent are insufficient to support the third element. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Kangas retaliated against him because of his grievances and law suits. Plaintiff does not allege that he had filed a grievance against Kangas or that Kangas was named as a Defendant in any of his previous lawsuits. Moreover, as Plaintiff has fourteen prisoner civil rights cases currently pending in this Court, it would be easy to allege that any adverse action taken by prison officials or employees is retaliatory. Accordingly, Plaintiff fails to state a retaliation claim against Defendant Kangas. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### IV. Failure to Supervise and/or Respond to Grievances

Plaintiff claims that Matthew Young, Richard Stapleton, Patricia Caruso, Sarah Schroeder, Chad Lancourt, Ben Mercier, and L. Marshall failed to supervise staff and protect Plaintiff from ongoing retaliation. In addition, he alleges that Jodi Washington, Richard Russel and Jim Armstrong failed to respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Young, Stapleton, Caruso, Schroeder, Lancourt, Mercier, Marshall, Washington, Russel or Armstrong engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### V. Pending Motions

Plaintiff has filed numerous motion in this case, including a motion for preliminary injunction (docket #9), motion for order to show late trust account statements (docket #12), motion

to produce docket sheet (docket #16), motion to relate, to amend exhibits, documents, affidavits of witnesses, for summary judgment, etc. (docket #19), motion to compel discovery, for default judgment, for writ of mandamus, etc. (docket #20), motion for appointment of an expert, for a mental and physical exam, etc. (docket #22), motion to relate cases, to show grievances, etc. (docket #23), motion for order to relate all exhibits and cases to the new action (docket #24). Because the Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted, his motions will be denied as moot.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: 1/19/2011        */s/ R. Allan Edgar*
                         R. Allan Edgar
                         United States District Judge